UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARYL CROSS,<br><br>        Plaintiff,<br><br>    v.<br><br>KING COUNTY, et al.<br><br>        Defendants. | CASE NO. C08-944JLR<br><br>ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

## I. INTRODUCTION

This matter comes before the court upon the court's *sua sponte* July 22, 2009 order to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. (Dkt. # 53.) Defendants King County and the Department of Adult and Juvenile Detention (collectively "King County") filed a response to the court's order to show cause on July 29, 2009. (Dkt. ## 54 & 55.) Plaintiff Daryl Cross has not file a response. The court has reviewed the memorandum and declaration filed by King County on this issue, as well as the original complaint and notice of removal.

ORDER          1

For the reasons discussed below, the court is not satisfied that it has subject matter jurisdiction over this action, and therefore, REMANDS this case to the Superior Court of Snohomish County for the State of Washington.

## II. BACKGROUND

Mr. Cross originally filed his action in the Superior Court of Snohomish County, Washington, on May 22, 2008. (*See* Compl. (attached to Notice of Removal to Federal Court ("Notice") (Dkt. # 1)).) In his original complaint, Mr. Cross expressly alleges three state law causes of action: (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, and (3) wrongful termination in violation of public policy. (*See* Compl. ¶¶ 5.3-5.4 at 6-7.) Mr. Cross alleges the same three state law claims in his amended complaint. (Am. Compl. (Dkt. # 22) ¶¶ 5.3-5.4 at 6.) In the section of his complaints titled "Causes of Action," Mr. Cross does not expressly allege a federal cause of action. (*See e.g.,* Compl. at 6-7; Am. Compl. at 6.) Mr. Cross does assert, however, that King County violated his pretermination hearing rights pursuant to *Cleveland Board of Education v. Loudermill,* 470 U.S. 532 (1985). (*See* Compl. ¶¶ 4.1-4.13 at 5-6).

King County filed a notice of removal to federal court on June 18, 2008. (Notice.) King County based its assertion of federal subject matter jurisdiction on allegations in the complaint that "King County denied plaintiff's right in a *Loudermill* hearing by not allowing plaintiff to present his private polygraph test results. . . ." (Notice ¶ 4 at 2.) Defendants also stated that "[r]emoval of this [c]omplaint . . . is based

on plaintiff's claims that arise under federal law and specifically the Fifth and Fourteenth Amendments to the United States Constitution." (*Id.* ¶5 at 2.) Mr. Cross did not file a motion for remand to state court.

On May 21, 2009, King County filed a motion for summary judgment. (Dkt. # 43.) Based on the parties' submissions with regard to King County's motion for summary judgment, as well as the court's own review of Mr. Cross's complaints, it appears that Mr. Cross is not asserting an independent federal cause of action based on an alleged violation of his due process rights under *Loudermill* as indicated in King County's notice of removal. Rather, Mr. Cross's alleged *Loudermill* violations serve solely as the underpinning for his state law claim for wrongful termination in violation of public policy. (*See, e.g., id.*; Mot. (Dkt. # 43) at 10; *see also* Declaration of John R. Zeldenrust ("Zeldenrust Decl.") (Dkt # 46), Ex. 4 at 66 & Ex. 8 at 8).

### III.    SUBJECT MATTER JURISDICTION

A federal court's removal jurisdiction derives solely from Congressional authorization, and the removal statutes are construed strictly against removal. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992). Accordingly, the defendant always bears the burden of proving that the requisite jurisdiction exists to support removal. *Id.* However, the court also has an obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte*. *United States v. S. Cal.*

*Edison Co.,* 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) ("The Court 'ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction.'") (quoting *Dittman v. California,* 191 F.3d 1020, 1025 (9th Cir. 1999)). Federal statutory law mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

King County removed this case to federal court pursuant to 28 U.S.C. § 1441(b), which provides for removal of actions founded on claims "arising under" the laws of the United States, regardless of citizenship of the parties.[1] (Notice ¶ 4 at 2.) The "arising under" language contained in 28 U.S.C. § 1441(b) is substantially similar to the language in 28 U.S.C. § 1331, which provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Compare* 28 U.S.C. § 1441(b), *with* 28 U.S.C. § 1331. King County maintains that this court has original jurisdiction over this case because even though Mr. Cross has pleaded only state

---

[1] King County also removed based on 28 U.S.C. § 1443. (Notice ¶ 4 at 2.) This provision is inapplicable. A claim for violation of a plaintiff's due process rights under *Loudermill* is enforceable in federal court under 42 U.S.C. § 1983. *See Levine v. City of Alameda,* 525 F.3d 903, 905-06 (9th Cir. 2008). Removal under 28 U.S.C. § 1443(1) and (2) is restricted to situations arising under laws conferring specific civil rights stated in terms of racial equality. ". . . [B]road first amendment or fourteenth amendment claims do not satisfy the test, nor do claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983." *Smith v. Winter,* 717 F.2d 191, 194 (5th Cir.1983); *see also Hewitt v. City of Stanton,* 798 F.2d 1230, 1233 (9th Cir. 1986) ("To remove a civil rights case under section 1443, it must appear that the right allegedly denied arises under a federal law 'providing for specific civil rights stated in terms of racial equality,' and that the removal petitioner is denied or cannot enforce the specific federal right in state court.") (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)); *see also Appalachian Volunteers, Inc. v. Clark,* 432 F.2d 530, 535 (6th Cir.1970). Here, there are no allegations that any due process violations were racially motivated, and thus 28 U.S.C. § 1443 is not applicable to removal of this action.

causes of action, his claim for wrongful termination against public policy turns on a substantial federal issue and therefore "arises under" federal law. King County maintains that because Mr. Cross's wrongful termination claim is predicated on allegations that King County violated Mr. Cross's due process rights in his pretermination hearing as delineated in *Loudermill*, the state law claim hinges on the interpretation of federal law. (*See* Resp. (Dkt. # 55) at 5 ("[Mr.] Cross's claim for wrongful discharge in violation of public policy is based entirely upon his allegation that defendants violated his constitutional due process rights as set forth in . . . *Loudermill* . . . .").)

The statutory language, "arising under the Constitution, treaties or laws of the United States," provides litigants with at least two distinct tracks for removal into federal court. The more common track of federal question jurisdiction is invoked upon removal when a plaintiff's cause of action is itself created by federal law. *See Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 809 (1986) (stating that "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action."). As noted above, because Mr. Cross has pleaded only state law causes of action, this track is not available in this case.

The second, narrower track permits federal court jurisdiction over a plaintiff's state law cause of action when it "necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 28 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) (stating that federal courts may exercise federal question

jurisdiction over "state-law claims that implicate significant federal issues," and "turn on substantial questions of federal law," as such claims "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues"). Yet, the mere presence of a federal issue does not automatically confer federal question jurisdiction. *Merrell Dow Pharms. Inc.,* 478 U.S. at 813. Although there is no "single, precise, all embracing" test for determining subject matter jurisdiction under such conditions, *Grable,* 545 U.S. at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (Stevens, J., concurring)), the Supreme Court has emphasized that the second track into federal court is reserved for the rarest of cases. *See, e.g., Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006) (classifying the second track as a "special and small category"). The Supreme Court has framed the issue for determining whether the presence of a federal issue in a purely state law claim gives rise to federal jurisdiction under 28 U.S.C. § 1331, by asking "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. This court concludes that the answer to that question here is "no."

A claim for wrongful termination under Washington law arises when an employer discharges an employee for reasons that contravene a clear mandate of public policy. *Havens v. C & D Plastics, Inc.,* 124 Wn.2d 158, 177, 876 P.2d 435 (1994). To prevail on this claim, a plaintiff bears the burden of proving: (1) the existence of a clear public

policy, (2) that discouraging the conduct in which he engaged would jeopardize the public policy, (3) that the plaintiff's public policy linked conduct was the cause of the dismissal, and (4) that the defendant is unable to offer an overriding justification for the dismissal. *Korslund v. Dyncorp Tri-Cities Servs., Inc.,* 125 P.3d 119, 125 (Wash. 2005). As noted above, Mr. Cross's claim for wrongful discharge based on public policy is predicated entirely upon his allegation that King County violated his due process rights in his pretermination *Loudermill* hearing. Nevertheless, the Supreme Court has made clear that "it takes more than a federal element 'to open the "arising under" door.'" *Empire Healthchoice,* 547 U.S. at 701 (quoting *Grable*, 545 U.S. at 313). Here, the federal issue lacks any additional significance other than being a necessary and disputed element in Mr. Cross's state wrongful discharge claim.

In *Grable*, the Internal Revenue Service ("IRS") seized property belonging to the plaintiff to satisfy a federal tax deficiency. 545 U.S. at 310. Five years later, the plaintiff filed suit to quiet title, arguing that the purchaser's title was invalid because the IRS had conveyed the seizure notice improperly under 26 U.S.C. § 6335(a). *Grable,* 545 U.S. at 311. The quiet title action was filed in state court. *Id.* The defendant removed the action to federal court asserting that federal question jurisdiction existed because the plaintiff's case turned on an interpretation of a federal statute. *Id.* The Supreme Court found that removal based on federal-question removal jurisdiction was proper. *Id.* at 312, 320.

In *Empire Healthchoice,* however, the Supreme Court noted that "*Grable* presented a nearly pure question of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases." *Empire Healthchoice,* 547 U.S. at 700 (internal quotation marks omitted). The Supreme Court explained that its decision in *Grable* depended on the singular circumstances presented in that case. "The dispute [in *Grable*] centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice,* 547 U.S. at 700 (citing *Grable,* 545 U.S. at 313). By way of contrast, in *Empire Healthchoice,* a plan administrator brought a subrogation and reimbursement claim against a plan beneficiary pursuant to a contract that incorporated an agreement between the plan and a federal agency. The plaintiff's reimbursement claim was "fact-bound and situation-specific." 547 U.S. at 701. Consequently, the Supreme Court concluded that *Empire Healthchoice* could not be "squeezed into the slim category *Grable* exemplifies." *Empire Healthchoice,* 547 U.S. at 701.

The exceptional circumstances of *Grable* are missing here as well. Unlike *Grable,* in which the only contested issue was one of federal law, here, there are additional dispositive issues in dispute – including state law claims based on the negligent and intentional infliction of emotional distress. The federal issue therefore does not predominate over other state law issues. Also, unlike *Grable,* this case does not

involve a federal agency, but rather a private party (the employee) and a local county agency – the Department of Adult and Juvenile Detention (the employer).

Furthermore, this matter does not raise a pure question of law that can "be settled once and for all." *Empire Healthchoice,* 547 U.S. at 700. Instead, like *Empire Healthchoice,* the ultimate issue here will be "fact-bound and situation-specific." *Id.* at 701. Indeed, Mr. Cross has alleged that the hearing examiner at his pretermination *Loudermill* hearing was biased, which is an inherently fact-based inquiry.

Finally, it is entirely unclear if a court would necessarily ever reach the federal issue concerning Mr. Cross's *Loudermill* pretermination hearing rights. As King County has argued, there are grounds upon which a court might rule with regard to Mr. Cross's cause of action for wrongful discharge, including collateral estoppel, without ever even considering his allegations based on a violation of his *Loudermill* pretermination hearing rights. (*See* Mot. (Dkt. # 43) at 9-10.) Thus, the federal element is not sufficiently substantial to convert Mr. Cross's state law wrongful discharge claim into one "aris[ing] under the Constitution, treatises or laws of the United States," 28 U.S.C. § 1441(b), and conferring federal subject-matter jurisdiction.

In any event, even when a state-law claim depends on the resolution of a disputed and substantial question of federal law, the exercise of federal jurisdiction is still "subject to a possible veto." *Grable,* 545 U.S. at 313. As the Supreme Court has explained:

> . . . [A] federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331 . . . . Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.

*Id.* at 313-14.

Here, even if the necessary and contested federal issue were substantial, Mr. Cross's wrongful discharge claim would still fundamentally belong in state court. In *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 553-54 (6th Cir. 2006)*,* an employee filed a state court complaint for retaliatory discharge in violation of public policy, which identified federal statutes as sources of the violated public policy. The Sixth Circuit held "that a state-law employment action for wrongful discharge in violation of federal public policy does not present a substantial federal question over which federal courts may exercise 'arising under' jurisdiction under 28 U.S.C. § 1331." *Eastman,* 438 F.3d at 553. The *Eastman* court explained that accepting jurisdiction over the state law wrongful discharge claim would disrupt the sound division of labor between state and federal courts:

> Employment litigation is a common occurrence in both federal and state courts. Federal legislation has provided access to the federal courts by aggrieved employees under specifically delineated circumstances, *e.g.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Age

> Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* but our perception is that the bulk of the judicial business in the United States in this area is conducted by the state courts. This balance would upset drastically if state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy. We believe such a dramatic shift would distort the division of judicial labor assumed by Congress under section 1331.

*Id.*

The fact that the wrongful discharge claim in this case is based on a different federal policy than the one embodied in *Eastman* does not change the result. Wrongful discharge claims can be grounded on any number of Constitutional issues, statutes, or regulations contained in the vast body of federal law. Federal district courts should not be tasked with disentangling, on a case-by-case basis, which federal policies convert a state law wrongful discharge claim into a federal cause of action, and which federal policies do not. *Varco v. Tyco Elecs Corp.,* No. RDB 08-1215, 2009 WL 728571 at * 7 (D. Md. Mar. 16, 2009). "A wrongful discharge claim, regardless of the federal policy at issue, is fundamentally a state common law cause of action, and Congress has specifically delineated the areas of employment law that may be redressed in federal court." *Id.; see also Campbell v. Aerospace Corp.,* 123 F.3d 1308, 1314-15 (9th Cir. 1997) (holding that the plaintiff's incorporation of the federal False Claims Act, 31 U.S.C. § 3730, as the source of the public policy that was violated with regard to his state claim for wrongful termination, "did not raise a sufficiently substantial, disputed

question of federal law so as to confer federal-question jurisdiction.") Similarly, Mr. Cross's claim for wrongful discharge is fundamentally a state law cause of action. As such, the court lacks subject matter jurisdiction, and must therefore remand this action to the state court from whence it came.

## IV. CONCLUSION

For the foregoing reasons, the court determines that it lacks subject matter jurisdiction over this action, and therefore, ORDERS that:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for Snohomish County in the State of Washington,

2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties,

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of the order of remand to the Clerk of the Court for the Superior Court for Snohomish County, Washington,

4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for Snohomish County, Washington,

5. The pending motion for summary judgment (Dkt. # 43) is DENIED as moot,

6. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course,[2] and

7. The Clerk of the Court shall CLOSE this case.

DATED this 11th day of August, 2009.

JAMES L. ROBART
United States District Judge

---

[2] This order is not reviewable. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."); *see also Cal. Dept. of Water Res. v. Powerex Corp.,* 533 F.3d 1087, 1091 (9th Cir. 2008) (". . . [O]nly remands based on defects in removal procedure or on lack of subject-matter jurisdiction escape our review.").

ORDER 13